

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# Oliver v. Common Pleas Ct

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3209

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Oliver v. Common Pleas Ct" (2007). *2007 Decisions*. Paper 1727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3209

_____

JOHN OLIVER, JR.,

Appellant

v.

COURT OF COMMON PLEAS, ET AL.; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILA. LYNNE ABRAHAM; THE ATTORNEY GENERAL OF THE
STATE OF PA., *TOM CORBETT; PHILA. POLICE DEPT.;
DISTRICT ATTORNEY'S OFFICE, PHILA.; ADULT PROBATION & PAROLE
P.S.I. OFFICER; PHILA. JUVENILE JUSTICE CENTER

*(Pursuant to Rule 43(c), F.R.A.P.)

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-05017)
District Judge: Honorable William H. Yohn, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2006

Before: McKEE, AMBRO and NYGAARD, Circuit Judges

(Opinion filed January 31, 2007)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

John Oliver, Jr. was convicted in the Court of Common Pleas for Philadelphia County of rape and corruption of minors. He was sentenced to a term of ten to twenty years' imprisonment as well as a consecutive term of five years' probation. He appeals to us from the District Court's denial of his petition for a *writ* of *habeas corpus*, claiming that he has exhausted his claim that the Commonwealth erred in refusing to appoint new counsel prior to trial. We have jurisdiction to consider this appeal under 28 U.S.C. §§ 1291 and 2253. For the reasons set forth below, we affirm the District Court's denial of the petition.[1]

## I.

We highlight only those facts that are pertinent to our analysis. In pre-trial proceedings, Oliver retained private counsel, who subsequently withdrew and left the country. As a result, the Court appointed Norman Scott as Oliver's attorney. At a pre-trial hearing and again on the eve of trial, Oliver claimed that he did not want Scott representing him and that he wished to proceed *pro se*. After an extensive waiver-of-counsel colloquy, the trial judge permitted Oliver to represent himself. The judge also instructed Scott to remain as standby counsel should Oliver find himself unable to continue.

Following his conviction, Oliver appealed to the Pennsylvania Superior Court,

---

[1] Our review of the District Court's determination that a petitioner has not exhausted his state remedies is plenary. *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996).

raising only one issue: whether the trial court should have invalidated his waiver of counsel based on his poor performance in representing himself. Specifically, Oliver argued that the trial court erred in failing to order standby counsel to assume representation of Oliver when it became evident that he was unable to advocate effectively on his own behalf. The Superior Court affirmed his conviction.[2]

Three years later, Oliver filed a petition for *habeas corpus* with the District Court for the Eastern District of Pennsylvania. In his *habeas* petition, Oliver made four claims, including an allegation that the trial judge erred in refusing to appoint new trial counsel at his request. The *habeas* petition was denied for raising claims unexhausted in Pennsylvania courts. We granted a Certificate of Appealability with respect to Oliver's counsel-of-choice claim.

## II.

Under 28 U.S.C. § 2254(b)(1), an application for a *writ* of *habeas corpus* on behalf of a person in custody pursuant to a state conviction cannot be granted unless "the applicant has exhausted the remedies available in the courts of the [s]tate." *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("[C]omity [] dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and

_____

[2] Following this, Oliver did not seek allocatur to the Pennsylvania Supreme Court. He did file a timely Pennsylvania Post Conviction Relief Act petition, which focused on unrelated issues and was denied in December 2001.

provide any necessary relief.").

To demonstrate exhaustion, Oliver must show that the claim asserted in federal court has been "'fairly presented' to the state courts." *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Mere similarity" of claims presented to the state and federal courts is "insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Rather, the claim raised in a federal *habeas* petition must be the "substantial equivalent" to that presented to the state courts. *Landano*, 897 F.2d at 668–69.

Our Court has interpreted this substantial equivalence standard to require that the factual predicate and legal theory underlying the federal claim first must have been before the state courts. *Landano*, 897 F.2d at 669. Thus, to hold that Oliver has exhausted his claim, we must conclude that the invalid waiver-of-counsel claim that he presented on direct appeal in state court was substantially equivalent to the counsel-of-choice claim he presented in his *habeas* petition.

Oliver cannot meet this threshold. His state claim is not substantially equivalent to his federal *habeas* claim because each claim relies on a different factual predicate. The waiver-of-counsel claim, raised in state court, requires a court to examine whether the trial judge took appropriate steps to ensure that Oliver's waiver was knowing, intelligent, and voluntary. *See Faretta v. California*, 422 U.S. 806, 835 (1975). On the other hand, Oliver's counsel-of-choice claim, raised in federal court, requires investigation of Scott's performance as Oliver's attorney, the reasons for Oliver's dissatisfaction with him, and

4

whether the trial judge adequately considered Oliver's complaints before refusing to assign him new counsel. *See United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982).

In addition, Oliver's state and federal claims invoke different sources of law. "[T]he state court must have available to it the same method of legal analysis as that to be employed in federal court." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Although Oliver's invalid waiver-of-counsel claim and his counsel-of-choice claim both derive from the Sixth Amendment's right to counsel, they are based on different aspects of that right. Oliver's state claim, which argues that the trial judge should have invalidated his waiver of counsel based on his poor performance, triggers an examination of whether his conduct at trial constituted a "knowing, intelligent, and voluntary" waiver under *Faretta*. *See* 422 U.S. at 835. In contrast, Oliver's federal claim, based upon the trial judge's failure to appoint new counsel, requires, under *Welty*, a two-prong inquiry to evaluate a defendant's desire either to substitute counsel or proceed *pro se* on the eve of trial. 674 F.2d at 188; *see also United States v. Stubbs*, 281 F.3d 109, 117 (3d Cir. 2002). Wholly separate legal analyses are involved that undermine any possibility of substantial equivalence.

\* \* \* \* \*

Because the factual predicate and legal theory underlying Oliver's Sixth Amendment claims differ, Oliver's federal counsel-of-choice claim is not substantially equivalent to his state invalid waiver-of-counsel claim. Therefore, Oliver's *habeas* claim was never properly before the Pennsylvania courts and is unexhausted under 28 U.S.C.

5

§ 2254(b)(1).  Given that Oliver may no longer present this claim to the state courts,[3] he

has procedurally defaulted on that claim.[4]  Accordingly, we affirm the District Court's

denial of Oliver's *habeas* petition.

---

[3] Oliver's only potential recourse at the state level would have been raising his federal claim in a Post Conviction Relief Act petition; however, Oliver is now barred from filing such a petition because of the one-year statute of limitations.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b).

[4] Failure to exhaust claims at the state level, which leads to procedural default, ordinarily does not end a *habeas* inquiry; rather, the next question becomes whether this default can be excused because the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims [would] result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  However, in his brief, Oliver has alleged neither cause nor prejudice for procedural default, nor has he provided evidence of actual innocence to support a miscarriage of justice claim.  Even if he had, he could not meet this high standard.